McKinney, J.,
delivered the opinion of the Court.
The question presented for our determination in this case is, whether a voluntary payment made in this State, by a debtor resident here, to a foreign executor, will constitute a bar to an action for the same debt, subsequently brought by a domestic administrator?
The facts of the case are these: Wiley Young, formerly a resident of Anderson county, Tennessee, removed to the State of Illinois, and sometime after-wards died there. By his last will and testament, *56 Caswell B. Neal and Caswell J. Clarkson were appointed executors of his estate, and were duly qualified as such in May, 1853, in the Probate Court of Scott county, Illinois. On his removal from Tennessee, the testator left in the hands of an agent in Anderson county, for collection, certain notes due to him from persons residing in this State; amongst which notes was the one in controversy in this suit. The receipts, given by the agent to the testator for said notes, came to the hands of said executors, but the notes never were in their possession. Neal, one of the executors, came to Anderson county, Tennessee, and, upon said receipts, demanded from the defendant, O’Neal, payment of a note specified therein; and thereupon, O’Neal voluntarily paid the same, and took from said executor a receipt for such payment. The note was for $40.00, and was executed by O’Neal to the testator, Wiley Young, on the 21st of November, 1850, due one day after date.
Afterwards, at the August session, 1853, of the County Court of Anderson county, Tennessee, the plaintiff, Samuel C. Young, was duly appointed administrator of the estate of said Wiley Young; it being shown to said Court, that there were goods and chattels of the estate of said Wiley Young, in Anderson county, to be administered. After his appointment, the note in question was delivered to the plaintiff by the above-mentioned agent of Wiley Young; and thereupon, this this suit was commenced before a justice of the peace to recover the amount of said note. The justice rendered judgment for the plaintiff, and the defendant appealed to the Circuit Court. On the trial in the *57 Circuit Court, verdict and judgment were for the defendant, and the plaintiff appealed in error to this Court.
The Circuit Court instructed the jury, in substance, that, although the foreign executor could not have maintained a suit in this State for the recovery of the debt in question, yet that a voluntary payment to him by the debtor, in this State, before administration granted here, was a valid discharge of the debt, and a bar to the present suit.
This instruction is erroneous. The general doctrine, as established both in England and America, is, that an executor or administrator, appointed in one State or country, is not, in virtue of such appointment, entitled to sue, nor is he liable to be sued, in his official capacity, in any other State or country. His title and authority are restricted to the territorial limits of the Statd'" or government granting to him letters testamentary, or letters of administration. If there be assets in a foreign country, which he desires to reduce into his possession, he must obtain new letters of administration, and give security according to the law of <that country, before he. can assert any right to sue for, or receive the same.
And as an executor or administrator has no authority to sue for or collect the assets of which the deceased may have died possessed in a foreign country, the law does not impose on him the duty of doing so. He has no title to or authority over the assets in another State, neither is he responsible therefor. Pie acquires an interest only in such assets of the deceased as the law charges him with the proper *58 administration of; but, as to such assets as it is not his duty or right to administer, no interest whatever vests in him.
From these general principles, it necessarily follows that the payment of the ■ defendant, under the circumstances of the case, to the foreign executor, who could not lawfully demand or receive the debt, in virtue of his administration in Illinois, and who, consequently, can be regarded in no other light than a stranger to the 'debt, is no discharge of the debt. The fact that no administration had been granted in this State at the time of payment to the foreign executor, does not vary the principle. Though this be so, the objection applies with no less force, that the payment was to a mere stranger, who had no color of authority to receive or give an acquittance for the same.
If the defendant had happened to be in Illinois, and had voluntarily paid the debt there, the question would be a very different one. If no particular place of payment of a debt be fixed, it is due, arid may be demanded any where. And if the defendant had been found in Illinois, temporarily, he certainly might have been sued by the executor appointe*d there; and, this being so, a voluntary payment to such executor would probably have been a valid discharge of the debt. So, if the debtor and creditor both reside in the same country at the time of the creditor’s death, and an administration is taken out in that country, in such case, as the debt is properly due there, and rightfully falls within that administration, it would seem that it may be paid voluntarily by the debtor in another country, if he should afterwards change his *59 domicil. But, in a case like the present, we are aware of nó principle or authority upon which the payment by the defendant can be held to be a discharge, or to bar the action of the domestic administrator subsequently appointed. — See Story’s Conflict, § 513, et seq.
Judgment reversed.